IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST SORETH | : |
| | : |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| BUCKS COUNTY | : |
| c/o BUCKS COUNTY | : |
| DEPARTMENT OF CORRECTIONS | : |
| and | : |
| OFFICER CHRISTOPHER GAUDET | : |
| and | : |
| LIEUTENANT DOUGLAS | : |
| PRENDERGAST | : No. 12-6414 |
| and | : |
| OFFICER BENJAMIN KAPLAN | : |
| and | : |
| OFFICER CHRISTOPHER CARR | : |
| and | : |
| OFFICER JOHN DOE I | : |
| and | : |
| OFFICER JOHN DOE II | : |
| and | : |
| OFFICER JOHN DOE III | : |

## SECOND AMENDED COMPLAINT

Plaintiff, Ernest Soreth ("Mr. Soreth"), by and through his attorneys, Gay Chacker & Mittin, P.C., hereby asserts the following Complaint against defendants, Bucks County Correctional Officer Christopher Gaudet ("defendant Gaudet"), Bucks County Correctional Lieutenant Douglas Prendergast ("defendant Prendergast"), Bucks County Correctional Officer Benjamin Kaplan ("defendant Kaplan"), Bucks County Correctional Officer Christopher Carr ("defendant Carr"), Bucks County Correctional Officer John Doe I ("defendant Doe I"), Bucks County Correctional Officer John Doe II ("defendant Doe II"), Bucks County Correctional Officer John Doe III ("defendant Doe III") (collectively "correctional officer defendants"), and

Bucks County, c/o Bucks County Department Of Corrections ("Bucks") (collectively "defendants"), as follows:

## Parties

1. Plaintiff is and was at all material times a resident of Doylestown, Pennsylvania.

2. Defendant Bucks County is a Municipality of the State of Pennsylvania and owns, operates, manages, directs and controls the BCDOC, which employed the correctional officer defendants.

3. The Bucks County Department of Corrections ("BCDOC") is a municipal agency within the purview of Bucks County and at all times relevant hereto employed the correctional officer defendants.

4. Defendant Gaudet was at all times relevant to this action a sergeant of the BCDOC, but was subsequently demoted to an officer ranking. He is being sued in his individual capacity as a correctional officer for the BCDOC and, Bucks County.

5. Defendant Prendergast was at all times relevant to this action a lieutenant of the BCDOC. He is being sued in his individual capacity as a correctional officer for the BCDOC and Bucks County.

6. Defendant Kaplan was at all times relevant to this action an officer of the BCDOC. He is being sued in his individual capacity as a correctional officer for the BCDOC and Bucks County.

7. Defendant Carr was at all times relevant to this action an officer of the BCDOC. He is being sued in his individual capacity as a correctional officer for the BCDOC and Bucks County.

8. Defendant Doe I was at all times relevant to this action an officer of the BCDOC. He is being sued in his individual capacity as a correctional officer for the BCDOC and Bucks County.

9. Defendant Doe II was at all times relevant to this action an officer of the BCDOC. He is being sued in his individual capacity as a correctional officer for the BCDOC and Bucks County.

10. Defendant Doe III was at all times relevant to this action an officer of the BCDOC. He is being sued in his individual capacity as a correctional officer for the BCDOC and Bucks County.

## Jurisdiction

11. This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331 and 1341 (1), (3) and (4). Plaintiff further invokes the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

## Facts

12. On January 7, 2011, Mr. Soreth turned himself in at the Bucks County Correctional Facility, an entity governed by the BCDOC, located at 1730 S. Easton Road, Doylestown, PA 18901, at the direction of his Parole Officer, Glenn Sherman.

13. After checking in at the reception desk, Mr. Soreth was escorted to a cell.

14. Prior to arriving at the BCDOC, Mr. Soreth had a history of heart related issues.

15. After approximately thirteen minutes of sitting in his cell, Mr. Soreth began experiencing severe chest pains and fell to the floor.

16. Minutes later, Mr. Soreth was discovered on the floor of his cell and facility nurses were called to assist him.

17. Mr. Soreth was placed into a wheelchair by officers and nurses and was wheeled to the facility processing station.

18. At no time did Mr. Soreth resist or fail to comply with any command given to him.

19. At no time did Mr. Soreth pose a threat to anyone present at the BCDOC.

20. At the processing station, Mr. Soreth encountered defendant Kaplan, who ordered Mr. Soreth out of his wheelchair for the processing procedure.

21. Mr. Soreth informed defendant Kaplan that he was experiencing severe chest pains and was unable to get out of his seat, however he still attempted to stand, which resulting in him falling to the floor.

22. When defendant Gaudet entered the reception area, defendant Kaplan erroneously informed defendant Gaudet that Mr. Soreth was in court earlier that day, faked a heart attack, was taken to the Doylestown Hospital, and was cleared medically.

23. At no time was Mr. Soreth in court on January 7, 2011.

24. At no time did Mr. Soreth fake a heart attack on January 7, 2011.

25. At no time had Mr. Soreth been seen at Doylestown Hospital or any other hospital on January 7, 2011.

26. Nurse Turner, who was also present, further advised defendant Gaudet that Mr. Soreth did not require immediate hospitalization.

27. Defendant Gaudet advised defendant Prendergast of the situation.

28. Upon information and belief, defendant Prendergrast was aware that Mr. Soreth was lying on the ground, posing no threat to anyone, and not resisting the other defendant officers.

29. Defendant Prendergast instructed defendant Gaudet to spray Mr. Soreth with pepper spray.

30. Defendant Prendergrast did no additional investigation and ordered Mr. Soreth to be sprayed with pepper spray despite being aware that Mr. Soreth posed no threat to anyone.

31. Nurse Turner advised defendant Gaudet at least two times not to spray Mr. Soreth.

32. Defendant Carr, defendant Kaplan and defendants Doe I-III were present when Nurse Turner advised defendant Gaudet not to spray Mr. Soreth.

33. Without provocation, and in complete disregard of Nurse Turner's advice, defendant Gaudet sprayed the pepper spray at Mr. Soreth's forehead, and then lifted Mr. Soreth's left eyelid to spray the pepper spray directly into his eye.

34. Defendant Gaudet then struck Mr. Soreth on the back, with such force that Mr. Soreth had a hand print on his back that was visible defendant Carr and other officers on duty for some time after the attack.

35. While defendant Gaudet sprayed and struck Mr. Soreth, defendant Carr and defendant Kaplan stood by observing, allowing the unprovoked attack upon Mr. Soreth to occur without interruption.

36. Defendant Carr, defendant Kaplan and defendants Doe I-III had a duty to prevent defendant Gaudet from acting but chose not to act.

37. Defendant Carr, defendant Kaplan and defendants Doe I-III had an opportunity to

prevent defendant Gaudet from acting but chose not to act in support of their fellow correctional officer's improper and illegal actions.

38. Defendant Carr additionally retrieved a "suicide smock," which the defendant correctional officers, including defendant Gaudet, defendant Carr and defendant Kaplan, placed upon Mr. Soreth without cause.

39. At no time prior to this incident did Mr. Soreth resist any officer at the BCDOC in any manner.

40. At all times prior to this incident, Mr. Soreth complied with or attempted to comply with the defendants' orders.

41. The attack by defendants upon Mr. Soreth resulted in excruciating pain in his left eye, vision loss, and bruises about his face and eye area, requiring immediate medical attention at the BCDOC dispensary.

42. As a direct and proximate result of the defendants' actions, Mr. Soreth continues to suffer from *inter alia* eye pain, diminished vision, cardiac palpitations and shortness of breath, trauma, anxiety, fear, and mental harm.

43. As a direct and proximate result of the defendants' actions, Mr. Soreth has and will continue to suffer in the future great pain and suffering, including permanent profound vision loss, all depriving him of life's pleasures.

44. As a direct and proximate result of the defendants' actions, Mr. Soreth has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

45. As a direct and proximate result of the defendants' actions, Mr. Soreth has and

will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

46. As a direct and proximate result of the defendants' actions, Mr. Soreth was deprived of rights, privileges and immunities under the Eighth and Fourteenth Amendments to the United States Constitution and in particular the right to be free from excessive force while being detained/arrested and the right to due process of law.

47. The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of Mr. Soreth to freedom from use of excessive, unreasonable and unjustified force against his person.

## COUNT ONE
### Excessive Force
### 42 U.S.C. § 1983 against Correctional Officer Defendants

48. Mr. Soreth hereby incorporates the allegations contained in paragraphs 1 through 47, inclusive, of his Complaint as if the same were set forth at length herein.

49. Mr. Soreth claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against the correctional officer defendants for violation of his constitutional rights under color of law.

50. As a result of the above actions, Mr. Soreth suffered the damages as aforesaid.

WHEREFORE, plaintiff, Ernest Soreth, demands judgment in his favor and against defendant Gaudet, defendant Prendergast, defendant Carr, defendant Kaplan, defendant Doe I, defendant Doe II, and defendant Doe III for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT TWO
## Supplemental Claims against Correctional Officer Defendants

51. Mr. Soreth hereby incorporates the allegations contained in paragraphs 1 through 50, inclusive, of his Complaint as if the same were set forth at length herein.

52. Correctional officer defendants assaulted and battered Mr. Soreth and intentionally inflicted emotional distress upon Mr. Soreth.

53. Correctional officer defendants, acting in concert and conspiracy, committed acts in violation of Mr. Soreth's Constitutional Rights and against the laws of Pennsylvania. The correctional officer defendants made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny Mr. Soreth's access to the courts and to due process and to cover-up the wrongful assault and punishing of Mr. Soreth.

54. Correctional officer defendants performed overt acts in furtherance of the conspiracy.

55. As a result of the above actions, Mr. Soreth suffered the damages as aforesaid.

WHEREFORE, plaintiff, Ernest Soreth, demands judgment in his favor and against defendant Gaudet, defendant Prendergast, defendant Carr, defendant Kaplan, defendant Doe I, defendant Doe II, and defendant Doe III for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT THREE
## Bystander Liability
## 42 U.S.C. § 1983 Against Correctional Officer Defendants

56. Mr. Soreth hereby incorporates the allegations contained in paragraphs 1 through 55, inclusive, of his Complaint as if the same were set forth at length herein.

57. Mr. Soreth believes and therefore avers that the correctional officer defendants encouraged and stood idly by while Mr. Soreth was assaulted and battered which deprived Mr. Soreth of his rights and privileges under the Eighth and Fourteenth Amendments of Constitution of the United States.

58. Defendant Prendergast, defendant Kaplan, defendant Carr, defendant Doe I, defendant Doe II, and defendant Doe III failed to fulfill their obligation to intervene when they had an independent and affirmative duty to prevent the assault and battery of Mr. Soreth.

59. By encouraging and failing to intervene, defendant Prendergast, defendant Carr, defendant Doe I, defendant Doe II, and defendant Doe III effectively assisted defendant Gaudet and each other in assaulting and battering Mr. Soreth and therefore deprived Mr. Soreth of his Constitutional rights and privileges under the Eighth and Fourteenth Amendments to the Constitution of the United States.

60. As a result of the above actions, Mr. Soreth suffered the damages as aforesaid.

61. The actions of defendant Gaudet, defendant Prendergast, defendant Kaplan, defendant Carr, defendant Doe I, defendant Doe II, and defendant Doe III were so malicious, intentional, and displayed such a reckless indifference to Mr. Soreth' rights and well being that the imposition of damages is warranted.

62. The correctional officer defendants made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny Mr. Soreth's access to the courts and to due process and to cover-up the wrongful beating of Mr. Soreth.

WHEREFORE, plaintiff, Ernest Soreth, demands judgment in his favor and against

defendant Gaudet, defendant Prendergast, defendant Kaplan, defendant Carr, defendant Doe I, defendant Doe II, and defendant Doe III for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT FOUR
### 42 U.S.C. Sections 1983 against Bucks County

63. Mr. Soreth hereby incorporates the allegations contained in paragraphs 1 through 62, inclusive, of his Complaint as if the same were set forth at length herein.

64. Prior to January 7, 2011, Bucks County through the BCDOC developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in Bucks County and the BCDOC, which caused the violation of Mr. Soreth's rights.

65. It was the policy and/or custom of the Bucks County through the BCDOC to inadequately supervise and train its officers, including the correctional defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers. The Bucks County through the BCDOC did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct.

66. It was the policy and/or custom of Bucks County through the BCDOC to inadequately supervise and train its officers, including the correction officer defendants, against a code of silence or "blue code" of officers refusing to intervene against or provide truthful information against constitutional violations and misconduct committed by their fellow officers.

67. As a result of the above described policies and customs, officers of Bucks County through the BCDOC, including the correctional officer defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be

investigated or sanctioned, but would be tolerated.

68. As a result of the above actions, Mr. Soreth suffered the damages as aforesaid.

WHEREFORE, plaintiff, Ernest Soreth, demands judgment in his favor and against defendant, Bucks County for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT FIVE
### *Respondeat Superior* Based Upon State Law Claims Only
### Plaintiff against Bucks County

69. Mr. Soreth hereby incorporates the allegations contained in paragraphs 1 through 68, inclusive, of his Complaint as if the same were set forth at length herein.

70. Defendant, Bucks County, was at all times material the master and/or employer of the correctional officer defendants.

71. At all times material hereto, the correctional officer defendants were acting in the course and scope of their employment as the servants and/or agents of defendant, Bucks County.

72. Defendant, Bucks County, intentionally, recklessly and with deliberate indifference failed to properly supervise the correctional officer defendants, resulting in the harm to Mr. Soreth.

73. Defendant, Bucks County, is liable under the doctrine of *respondent superior* for the intentional, malicious and indifferent conduct of its employees, the correctional officer defendants, and violated Mr. Soreth's constitutional rights under the Pennsylvania Constitution and Laws of the State of Pennsylvania.

WHEREFORE, plaintiff, Ernest Soreth, demands judgment in his favor and against defendants Bucks County for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

_____
BRIAN S. CHACKER, ESQUIRE (ID# 84284)
Gay Chacker & Mittin, P.C.
1731 Spring Garden Street
Philadelphia, PA  19130
(215) 567-7955
Fax: (215) 567-6809
E-Mail: bchacker@gaychackermittin.net

**Attorney for Plaintiff, Ernest Soreth**

Date:  February 28, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST SORETH | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| BUCKS COUNTY, et al. | : | Civil Action No. 12-6414 |

**CERTIFICATE OF SERVICE**

I, Brian S. Chacker, Esquire, certify that on February 28, 2013, I served a true and correct copy of the foregoing Amended Complaint upon:

Tina Mazaheri, Esquire
Assistant County Solicitor
Bucks County Court House
55 East Court Street
Doylestown, PA 18901

Frank A. Chernak, Esquire
Ballard Spahr
1735 Market Street – 51st floor
Philadelphia, PA 19103

Martin King, Esquire
Kings Law, LLC
50 West Bridge Street
New Hope, PA 18938

via the Court's electronic filing system.

Brian S. Chacker, Esquire
GAY CHACKER & MITTIN, P.C.
Identification No.: 84284
1731 Spring Garden Street
Philadelphia, PA 19130-3915
(215) 567-7955   Fax: (215) 567-6809
bchacker@gaychackermittin.net